[Civ. No. 7168. Second Appellate District, Division One.—March 7, 1932.]

ARTHUR W. DOWE, Respondent, v. E. C. O'NEILL et al., Appellants.

Freston & Files and Ralph E. Lewis for Appellants.

Dempster & Dempster and Ralph W. Eckhardt for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal by defendants from a judgment entered against them, respondent having sustained personal injuries in a collision with an auto-

mobile, owned by appellant O'Neill, and driven at the time of the accident by appellant Webb. The accident, concerned in this action, occurred in the city of Los Angeles upon Washington Boulevard. At the place where the accident occurred there is marked upon Washington Boulevard, in white painted lines, a crosswalk approximately fifteen feet in width. Washington Boulevard runs in an east and west direction and has two street-car tracks upon its surface. There is a street-car loading zone situated north of the street-car tracks. Respondent testified that before he entered the crosswalk, it being his intention to cross to the street-car loading zone, he looked both ways and observed cars approaching him from the west; that the first car stopped at the west line of the crosswalk; that the driver of this car motioned to him to come on, which he did, walking about the middle of the crosswalk, and to the north. What happened next may be best described in respondent's own language:

"Well, I began to move toward the north; and when the car arrived about even with the other one (the parked car), it let out a toot with its horn. That startled me, and I jumped several—well, three or four steps ahead, towards the north. . . . In about the center of the crosswalk. . . . The car passed me, behind me on the way down east and before I had time to get settled, another car came from the west— I couldn't tell from just exactly where—it appeared; and there was a general blur—my eyes—and it struck me in the side—left side. From that time I knew nothing, absolutely nothing, . . . "

The driver of the car that stopped for respondent to cross testified that, to the best of his knowledge, respondent remained in the crosswalk, walking northerly, and did not zigzag. Appellant Webb and two witnesses, produced by the defense, who were drivers of the cars on the north of the street-car tracks and east of the place of the accident, testified that respondent, at the time of the accident, was ten or twelve feet to the east of the crosswalk. There is by the record presented here a clear case of conflicting evidence and in addition there is evidence to support respondent's contention that he was at the time of the accident within the lines of the crosswalk. The judgment of the trial court will not be disturbed when there is a conflict in the evidence

received and there is some evidence to support the judgment.

■ Appellants conceded that it was negligence in law for appellants' car to enter the crosswalk while respondent was therein. The city ordinance then in force provided that it was unlawful for the operator of any vehicle to drive into such crosswalk upon his half of the road, until the pedestrian therein had passed beyond the path of the vehicle. The same ordinance also provided that it was unlawful for the driver to fail to stop before entering any crosswalk when any other vehicle proceeding in the same direction was stopped at such crosswalk. There being a conflict in the evidence, as hereinbefore pointed out, it must be assumed that respondent was in the crosswalk at the time the accident occurred. He could claim the benefit of the ordinance and, as to him, the violation of the ordinance by appellant Webb amounted to negligence *per se*. (*Figone* v. *Guisti*, 43 Cal. App. 606 [185 Pac. 694].)

■ Appellants contend that, notwithstanding the admitted negligence of appellant Webb in driving through the crosswalk, there is an absence of evidence showing that this negligence was a contributing cause to the injury of respondent. The evidence introduced at the trial as to how the accident occurred was conflicting, and the jury having accepted respondent's version of the accident rather than appellants', that finding cannot be attacked here.

The defense of contributory negligence as presented here is based upon the contention that respondent was without the crosswalk at the time of the accident. The jury was entitled to believe respondent's story that he was in the crosswalk, and therefore not guilty of contributory negligence.

For the reasons herein stated the judgment appealed from is affirmed.

Conrey, P. J., and York, J., concurred.